## N. Y. SUPREME COURT.

John C. Fogg, plaintiff and respondent, agt. John Edwards, defendant and appellant.

*Security for costs — Laws of 1875, chapter 305, section 4.*

Chapter 305, Laws of 1875, should be liberally construed, and a non-resident plaintiff may be required, at any stage of the litigation, to file additional security to cover costs and disbursements already accrued and incurred in the action, and the costs and disbursements probably to accrue and be incurred in the further progress of the action, where the penalty of the bond filed is insufficient for that purpose.

*First Department, General Term, January,* 1878.

This is an appeal from an order of Mr. justice Donohue, sitting at special term, denying a motion for additional security for costs, on the part of plaintiff, who was a non-resident, under chapter 305, Laws of 1875, section 4.

At the commencement of the action defendant obtained an order requiring plaintiff to file security for costs, as a non-

resident, and, pursuant to that order, the plaintiff filed such security in the sum of $250.

Subsequently the case was referred to a referee before whom the action had been pending for upwards of a year, and all the testimony was in and the reference ready to be summed up. These facts were made to appear by affidavit, and it also appeared that the expenses already incurred amounted to about $500, and in the event of his being successful in the suit, the costs and disbursements would greatly exceed the amount of the bond filed.

*Hall & Blandy*, for appellant.

The statute under which this motion is made is mandatory and should be construed so as to carry out its spirit and intent without regard to the question of *laches*.

*Eugene Smith* (*John H. Miller*), for respondent.

The defendant has lost his right by *laches*.

BRADY, *J.* — Upon an examination of the statute of 1875, chapter 305, amendatory of the provisions of the Revised Statutes in relation to security for the payment of costs, we are satisfied that it should be liberally construed to accomplish the object in view when it was passed.

We think, under all the circumstances disclosed by the papers submitted for consideration, that the security should be increased $500 by an additional bond to that effect.

The order appealed from should be reversed and an order entered in accordance with this opinion, with ten dollars costs and disbursements to abide the event of the action.

DAVIS, P. J., concurring