THE REPUBLIC OF HONDURAS, Appellant, *v.* MARCO AURELIO SOTO, Respondent.

A foreign independent government, recognized as such by the United States, is "a person" within the meaning of the provision of the Code of Civil Procedure (§ 3268), providing that a defendant in an action brought by "a person residing without the state" may require security for costs.

*It seems* the word "person," as used in said provision, includes all legal entities, except foreign corporations, authorized to bring actions in this state.

When a deposit of money has once been made in lieu of an undertaking as security for costs, as authorized by said Code (§ 3272), the court has no power thereafter to require an undertaking as further security.

The grounds upon which additional security may be required under the Code (§ 3276), relate solely to the incidents of an undertaking where one has been given, not to those of a deposit.

*Republic of Honduras* v. *Soto* (47 Hun, 174) reversed.

(Argued January 15, 1889, decided January 29, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 23, 1888, which reversed orders of Special Term requiring plaintiff to make an additional deposit or file an undertaking as further security for defendant's costs. (Reported below, 47 Hun, 174.)

Plaintiff had previously, in pursuance of an order deposited $250 as security.

*Simon W. Rosendale* for appellant. The order appealed from was made without jurisdiction. There is no power in the court to require additional security for costs where a deposit is made. (Tidd's Prac. 945–976; Yates' Pl.; Lilly's Entries; *Downing* v. *Marshall,* 37 N. Y. 380; *People* v. *Bd. of Police,* 39 id. 506; *People* v. *McDonald,* 69 id. 362, Code, §§ 3272–3276; *Republic of Mexico* v. *Arrangois,* 3 Abb. Pr. 470, 473.) There is no authority under the Code for requiring security for costs from a plaintiff which is a foreign nation. (Code of Civ. Pro. § 3268.) A state or nation is not a person. (Bouv. Law Dict.; *Blair* v. *Worley,* 2 Ill. 178; Code of Civ. Pro. § 3343, subd. 18.) A state or nation

is not a corporation under the provision referred to. (Bouv. Law Dict. "Corporation," "Nation;" Burrill's Law Dict. "Corporation," "Nation;" Webster's Dict. "Corporation," "Nation;" *Paul* v. *Virginia*, 8 Wall. 168; Wheaton's El. of International Law, pt. 1, chap. 2, § 16; Code, § 1779; R. S. pt. 4, chap. 1, tit. 7, § 35; Id. [Banks' 7th ed.] 2539; Penal Code, §§ 14, 718, subd. 14.) In an action by or against a corporation the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation. (Code of Civ. Pro. § 1775; *First Nat. Bk. of Northampton* v. *Doyling*, 11 Civ. Pro. Rep. 61.)

*Emmet R. Olcott* for respondent. The words "after the allowance of an undertaking" must mean, in a case where money has been deposited, "after the deposit of money in lieu of an undertaking." (Code, § 3276.) Additional security may be ordered at any stage of the action. (*Fogg* v. *Edwards*, 57 How. 290; Code of Pro. § 3276.) A foreign republic is a sovereign state, "a natural person." (*Republic of Mexico* v. *Arrangois*, 3 Abb. Pr. 470; 5 Duer, 643; *Peel* v. *Elliott*, 7 Abb. Pr. 433.)

RUGER, Ch. J. Section 3268 of the Code of Civil Procedure provides that a defendant, in an action brought in a court of record, may require security for costs in cases, among others, where the plaintiff was, when the action was commenced, either "a person residing without the state;" or "a foreign corporation." The plaintiff claims to be a foreign independent state.

It is urged by the plaintiff that it is neither a person nor a foreign corporation, within the meaning of the Code. It is not disputed but that the plaintiff is an independent government, recognized as such by the United States, and capable of entering into contracts and acquiring property, as well as competent, through the rule of comity, of bringing and maintaing actions in the courts of this country; but it is claimed that it does not come within the description of legal entities

authorized to require security for costs. That it is within the spirit of the enactment, we think, cannot be disputed, and we are also of the opinion that it is within the letter as well.

Vattel defines "nations or states to be bodies politic, societies of men united together for the purpose of promoting their mutual safety and advantage by the joint effort of their combined strength. Such a society has her affairs and her interests. She deliberates and takes resolutions in common, thus becoming a moral person, who possesses an understanding and a will peculiar to himself, and is susceptible of obligations and rights." (Law of Nations, 1 ; Wheaton's International Law, chap. 2, §§ 1, 2 ; Bouvier's Institutes, title, "Nation.")

That such a being constitutes a legal entity, capable of acquiring and enjoying property and protecting itself from injuries thereto in the courts of foreign countries, has long been recognized and established in the tribunals of civilized nations. (*Republic of Mexico* v. *De Arangoiz*, 5 Duer, 636; *Hullet* v. *King of Spain*, 1 Dow. & C., 169; *Cherokee Nation* v. *Georgia*, 5 Peters, 52.)

There can be no doubt but that under title 2, chapter 10, part 3 of the Revised Statutes, providing for security for costs in an action brought by any plaintiff, not residing within the jurisdiction of the court, that foreign states and nations were required to give such security, and we do not think that the provisions of the Code were intended to change the law in that respect.

Section 3268 of the Code is stated to be a re-enactment of the previous statute, and it cannot, we think, have been intended thereby to take away the right which resident defendants had to require security for costs. No reason is seen for such a change, and we do not think any was intended to be made. The word "person" was, we think, used in its enlarged sense, as comprising all legal entities except foreign corporations, which were authorized to bring actions in this state. In that sense it embraces moral persons having legal rights, capable of entering into contracts and incurring obligations, as well as natural persons. The statute must be construed with refer-

ence to the objects it had in view, the evils intended to be remedied and the benefits expected to be derived from it; and, as thus construed, we can see no reason why the plaintiff is not included within the description of persons intended to be subjected to its obligations.

A more difficult question, however, arises over the power of the court to require additional security where a deposit of money has once been made, under an order as security for costs. The right to require such security is purely a creation of the statute, and authority therefor must be found in the statute, or it does not exist. Under the provisions of the Revised Statutes, hereinbefore referred to, no authority was conferred upon the court to require or permit a deposit of money, but the security authorized to be required, was a bond in a penalty of not less than $250, and no power to increase the amount of the original security was given. But by chapter 305, Laws of 1875, the Revised Statutes were so amended as to provide that in case the bond given should be insufficient, or the sureties thereon should die, or become insolvent, the court might order an additional bond to be executed and filed by the plaintiff as security for costs already accrued, and those expected to be thereafter incurred. Section 3272 of the Code for the first time authorized a deposit of money in place of a bond. That section provides that when a case is made for security, the court must make an order requiring the plaintiff to deposit in court the sum of $250, as security for costs, or, at his election, to give an undertaking and obtain an allowance of the same by the judge granting the order. Sections 3273, 3274 and 3275 provide the requisites of the undertaking; the mode of exception to sureties; their justification and the method of allowance of the bond by the judge or otherwise.

The only statutory authority for the requirement of additional security is contained in section 3276, which, so far as it is material, reads as follows: " At any time *after the allowance of an undertaking*, given pursuant to such an order,

\* \* \* the court, or a judge thereof, upon satisfactory proof by affidavit, that the sum specified in the undertaking is insufficient, or that one or more of the sureties have died, or become insolvent, or that his or their circumstances have become so precarious that there is reason to apprehend that the undertaking is insufficient for the security of the defendant, must make an order requiring the plaintiff to give an additional undertaking. The last four sections apply to such an order and to the undertaking given pursuant thereto."

We are of the opinion that when a deposit of money has once been made, the court have no authority to require an undertaking, and whether the plaintiff shall give an undertaking, in the first instance, depends solely upon his election. If he then makes a deposit the court cannot afterwards require any further security to be given. The statute is explicit and unambiguous and there is no room or occasion for interpretation. (*In re Village of Middletown*, 82 N. Y. 196.) To require a plaintiff under this statute to file an undertaking, after he has made a deposit, would be an exercise of the power of legislation and not a matter of judicial construction.

The grounds upon which additional security may be required relate solely to the incidents of an undertaking, and not at all to those of a deposit. They are, first, that the amount of *the undertaking* is insufficient; second, that the sureties have died or become insolvent; third, that their circumstances have become precarious. All of these reasons, except the first, in their nature apply exclusively to undertakings, and the first is, by its language, referable only to an undertaking. By the express language of the section, therefore, the power of the court to require additional security arises only after the allowance of an undertaking, and the authority to require further security is, in imperative terms, confined to an additional undertaking, and cannot be extended to the requirement of a further deposit, without adding material language to the section. There is a manifest distinction between a deposit and an undertaking in respect to the causes which may impair them, and we are not able to say but that those differences controlled

the legislature in making the discrimination between them. The last clause in the section does not purport to enlarge the power of the court thereunder, but simply provides that the regulations of the previous four sections, so far as they are applicable, shall be applied to the order and undertaking authorized by section 3276.

The argument that the case is within the spirit of the provisions authorizing additional security is without force in view of the absence of language providing for it, and also the presence of language which by clear implication excludes it.

It was said in *People* v. *Woodruff* (32 N. Y. 364), "It is always competent for the legislature to speak clearly and without equivocation, and it is safer for the judicial department to follow the plain intent and obvious meaning of an act, rather than to speculate upon what might have been the views of the legislature in the emergency which may have arisen. It is wiser and safer to leave to the legislative department to supply a supposed or actual *casus omissus* than attempt to do it by judicial construction."

We are, therefore, of the opinion that the orders of the General and Special Terms should be reversed, and the motion denied, with costs in both courts.

All concur.

Ordered accordingly.