Truax, J.
This is a motion to compel the plaintiff, ■who is a non-resident, to give additional security for costs. Five hundred dollars ivas deposited by plaintiff as security for costs, but was afterward obtained by him. He then gave an undertaking in the sum of $500 as security for costs. I am of the opinion that the fact that plaintiff has obtained the money that he deposited as security for costs distinguishes this case from the case of Honduras v. Soto.† There is no longer any money on deposit as security for *63 •costs. The plaintiff has given an undertaking, but the papers show that this undertaking is insufficient. Section •3,276 of the Code of Civil Procedure provides that any time after the allowance of an undertaking the court, upon satisfactory proof that the sum specified in the undertaking is insufficient, must make an order requiring the plaintiff to give an additional undertaking. Section 3,273 provides that the undertaking shall be in at least the sum of $250. This, by implication, authorizes the court, to order security in a sum greater than $250 if the affidavits show that the •costs will be more than that sum. Section 3,276 provides for an additional undertaking and does not provide for the deposit of a sum in lieu thereof.
It was in effect stated by the court of appeals, in Honduras v. Soto, that the power of the court to order security for costs depends upon statute,- “ and authority, therefore, .must be found in the statute, or it does not exist.”
It therefore follows that where a person has given an •undertaking he must, if the court sees fit, give an additional undertaking in the form prescribed by section 3,273, which undertaking must be at least $250.
The affidavits show that the costs will be at least $1,000, and for that reason I am of the opinion that the plaintiff ishould give another undertaking in the sum of $500.

112 N. Y. 310.