### NEWHALL *v.* APPLETON *et al.*

*(Superior Court of New York City, General Term. June 28, 1889.)*

COSTS—SECURITY—DEPOSIT.

Under Code Civil Proc. N. Y. § 3276, providing that "at any time after the allowance of an undertaking" for costs given pursuant to an order therefor, the court, upon proof "that the sum specified in the undertaking is insufficient," must order an additional undertaking, where plaintiff has been ordered to file security for costs, but in lieu thereof is allowed to deposit a sum of money to be applied on the costs if awarded, and no undertaking is in fact filed, the court has no power to order an additional undertaking, and it is immaterial that there have been intermediate orders for undertakings.

Appeal from special term.

Action by George T. Newhall against William H. Appleton and others. Plaintiff appeals from an order requiring him to file an additional security for costs.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Wm. W. Badger,* for appellant. *Edward Winslow Paige,* for respondents.

SEDGWICK, C. J. The only authority that the court has for ordering a plaintiff, non-resident, to give an additional undertaking because a former undertaking is insufficient in amount, is found in section 3276, Code Civil Proc. That section, in effect, empowers the court to order an additional undertaking when it is proved "that the sum specified in the undertaking is insufficient." This condition must be strictly and literally observed. *Honduras v. Soto,* 112 N. Y. 310, 19 N. E. Rep. 845. Was there any such proof below? The undertaking referred to in the words that have been cited is indicated by the first part of the section in these words: "At any time after the allowance of an undertaking given pursuant to such an order," etc. And such order is the order that may be made under section 3272, Code Civil Proc. In fact, such an order was made in this action, but under it no undertaking was given and allowed. In lieu thereof, as the order provided, the plaintiff paid into court $250, to be applied to the costs, if awarded. As no undertaking was allowed under section 3272, the court had no power to order an additional undertaking. It is true that after the first order, and before the application below, other undertakings had been ordered. These, however, were orders made under section 3276, and not under section 3272. Under the latter, as we have said, no undertaking was allowed, and such an allowance is the condition of issuing an order, under section 3276. These intermediate orders do not create an estoppel as an adjudication.

Order appealed from reversed, with costs, and motion denied, with $10 costs.

FREEDMAN, J., concurs.