Tbtjax, J.
“ Thisis a motion to compel the plaintiff, who is a non-resident, to give additional security *162 for costs. Five hundred dollars were deposited by plaintiff as security for costs, but was afterwards ‘obtained by him. He then gave an undertaking in the sum of $500 as security for costs. I am of the opinion that the fact that plaintiff has obtained the money that he deposited as security for costs, distinguishes this case from the case of Honduras v. Soto, 112 N. Y. 310. There is no longer any money on deposit as security for costs. The plaintiff has given an undertaking, but the papers show that this undertaking is insufficient. Section 3276 of the Code of Civil Procedure provides, that any time after the allowance of an undertaking, the court, upon satisfactory proof that the sum specified in the undertaking is insufficient, must make an order requiring the plaintiff to give an additional undertaking. Section 3273, provides, that the undertaking shall be in at least the sum of $250. This, by implication, authorizes the court to order security in a sum greater than $250, if the affidavits show that the costs will be more than that sum. Section 3276 provides for an additional undertaking, and does not provide for the deposit of a sum in lieu thereof. It was, in effect, stated by the court of appeals, in Honduras v. Soto, that the power of the court to order security for costs depends upon statute, ‘ and authority, therefore, must be found in the statute or it does not exist.’ It therefore follows that where a person has given an undertaking he must, if the court sees fit, give an additional undertaking in the form prescribed by section 3273, which undertaking must be at least $250. The affidavits show that the costs will be at least $1,000, and for that reason I am of the opinion that the plaintiff should give another undertaking in the sum of • $500.”
Upon this decision an order dated May 14, 1889, was made, whereby it was ordered. “ That the plain *163 tiff be and is hereby required within twenty days from the service of a copy of this order on his attorney, to furnish an undertaking in the sum of $500; with two sureties in the usual form, as additional securities for costs herein,” etc.
From this order the present appeal is taken.
William, W. Badger, attorney and of counsel for appellant, argued.
I. It is wholly immaterial what became of the plaintiff’s two deposits of $250 each, after defendants withdrew them from this court. If plaintiff had withdrawn them by order of this court, before the final end of the case, it might possibly be argued that such an act would be a revocation of his election to deposit them, but defendants having withdrawn them by order, the account is closed, and the object of the deposits was-fully accomplished, and the power of the court thereby exhausted by the first order, as ruled in Honduras v. Soto, 112 N. Y. 310. In re village of Middletown, 82 Ib. 196 ; People, ex rel. Brown, v. Woodruff, 32 Ib. 355.
II. It is no reason for making an illegal order that two other illegal orders have already been made and been complied with by plaintiff. So much the more should his objection now prevail. It goes to the jurisdiction and power of the court, and so can be taken at any time, and it certainly has not been waived as to this order appealed from. As the court plainly had no power to order that undertaking to be given, the order is without jurisdiction and void and the undertaking falls with it, or at most is only the plaintiff’s voluntary act. Moreover, the voluntary giving of a prior undertaking does not bring the case within the letter or the spirit of § 3276. Being for $500, it does not even purport to be given under § 3272, nor as “ additional security ” under §-3276, which section only applies “ after the allowance of *164 an undertaking given pursuant to such an order.” In fact, this undertaking was never “ allowed ” by the judge at all ; and if “ deemed allowed ” for want of exception, under § 3275, it “must be indorsed and filed in like manner,” as if excepted to ; that is (as required by § 3275), that the judge “must indorse his allowance thereon and cause them to be filed with the clerk.” The undertaking shows no “ allowance ” nor “ order,” and no power was, therefore, acquired under § 3276 to make this order appealed from.
Campbell & Paige, attorneys, and Edward Winslow Paige, of counsel, for respondents, argued :
The matter is exactly within the language of the Code. The plaintiff has filed two undertakings, one 12th January, 1882, and the other 10th July, 1886, which were allowed. Both of them have now become insufficient, and according to the Code, the court must make an order “requiring the plaintiff to give an additional undertaking.” (Section 3276 quoted above.) In the Honduras case no undertaking had been filed, and that case has therefore no sort of application.
By the Coukt.—Sedgwick, Ch. J.
The only authority that the court has for ordering a plaintiff non-resident to give an additional undertaking, because a former undertaking is insufficient in amount, is found in section 3276, Code Civil Procedure.
That section, in effect, empowers the court to order an additional undertaking when it is proved “ that the sum specified in the undertaking is insufficient.” This condition must be strictly and literally observed. Honduras v. Soto, 112 N. Y. 310. Was there any such proof below. The undertaking referred to in the words that have been cited, is indi *165 catedby the first part of the section, in these words: “ At any time after the allowance of an undertaking given pursuant to such an order, etc.” And such order is the order that may be made under section 3272, Code Civil Procedure. In fact, such an order was made in this action, but under it no undertaking was given and allowed. In lieu thereof, as the order provided, the plaintiff paid into court $250. to be applied to the costs if awarded. As no undertaking was allowed under section 3272, the court had no power to order an additional undertaking.
It is true that after the first order and before the application below, other undertakings had been ordered. These, however, were orders made under section 3276 and not under section 3272. Under the latter, as we have said, no undertaking was allowed, and such an allowance is the condition of issuing an order under section 3276. These intermediate orders do not create an estoppel as an adjudication.
Order appealed from reversed with costs, and motion denied with $10 costs.
Freedman, J., concurred.