Sedgwick, Ch. J.
The only authority that the court has for. ordering' a plaintiff, non-resident, to give an additional undertaking because a former undertaking is insufficient in . amount, is found in section 3276, Code Civil Procedure. That section, in effect, empowers the court to order an additional undertaking when it is proved “ that the sum specified in the undertaking is .insufficient.” This condition ..must be strictly and literally observed. Honduras v. Soto, 112 N. Y. 310; 20 N. Y. State Rep., 749.
'Was there any such proof below ? The undertaking referred to in the words that have been cited is indicated by the first part of .the section in these words: “ At any time after the allowance of an undertaking given pursuant to such an order,” etc. And such order is the order that may *811 be made under section 3272, Code Civil Procedure. In fact such an order was made in this action, but under it no • undertaking was given and allowed. In lieu thereof, as the order provided, the plaintiff paid into court $250, to be ap-1 plied to the costs, if awarded. As no undertaking was allowed under section 3272, the court had no power to order. an additional undertaking. It is true that after the first order, and before the application below, other undertakings had been ordered. These, however, were orders made under section 3276, and not under section 3272. Under the latter, as we have said, no undertaking was allowed, and such an allowance is the condition of issuing an order under section 3276. These intermediate orders do not create an estoppel as an adjudication.
Order appealed from reversed, with costs, and motion denied, with ten dollars costs.
Freedman, J. concurs.