### McHUGH *v.* ASTROPHE.

*(City Court of New York, General Term.* November 25, 1892.)

INTERPLEADER—SUBSTITUTED DEFENDANT—SECURITY FOR COSTS.

> A third person substituted as defendant by order of interpleader cannot be required to give security for costs as a condition of being allowed to prosecute his claim to the fund, although a nonresident and irresponsible, in the absence of a statute requiring such security.

Appeal from special term.

Action by Sarah McHugh, as executrix of the last will and testament of Allain Magory, otherwise known as Alan Magoric, against Jules Astrophe, as executor of the last will and testament of Louise Manignet, otherwise Astrophe, deceased. Astrophe was substituted as defendant on an order of interpleader, and from an order requiring him to give security for costs he appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

*Booraem, Hamilton & Bechett,* for appellant. *F. B. Morel,* for respondent.

EHRLICH, C. J. The question involved is whether a third person substituted as defendant by order of interpleader can be required to furnish security for costs as a condition of being allowed to prosecute his claim to the fund. Interpleader is an equitable proceeding, governed by equitable principles. The legal title to the fund is in the plaintiff, and presumptively she is entitled to it. The substituted defendant comes in as a claimant, and in respect to such claim is nominally, though not technically, a plaintiff. He is a nonresident and irresponsible. Under such circumstances, the imposition of the condition might be deemed a valid exercise of power. But the difficulty is that there is no statute requiring such substituted defendant to give security for costs. See *Republic of Honduras* v. *Soto,* 112 N. Y. 313, 19 N. E. Rep. 845; *Coates* v. *Morris,* 1 N. Y. Law Bul. 29. If the third party had applied for leave to come in, security might have been required as a condition. But that is not this case. He is brought into the litigation *in invitum,* and cannot be hampered by conditions. Besides being an executor, he could not be said to be unreasonably defending a litigation to which his presence has become necessary to a complete determination of the controversy. The order appealed from must therefore be reversed, with costs. All concur.

EHRLICH, C. J. On the opinion filed this day upon deciding the appeal from the order of Judge FITZSIMONS, (20 N. Y. Supp. 877,) the order appealed from will be reversed, without costs. All concur.