(9 Misc. Rep. 690.)

BREWSTER v. WOOSTER.

(Superior Court of New York City, General Term. October 9, 1894.)

COSTS—SECURITY—ADDITIONAL UNDERTAKING.
  Under Code Civ. Proc. § 3276, providing that the court may require plaintiff to give security for costs, the amount of such additional security is in the discretion of the court.

Appeal from special term.
Action by William J. Brewster against George H. Wooster. From an order requiring plaintiff to give additional security for costs, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Arnoux, Ritch & Woodford, for appellant.
T. B. Browning, for respondent.

McADAM, J. On September 28, 1892, the court, upon the defendant's motion, required the plaintiff, a nonresident of the state, to file security for costs in the sum of $1,000. This order was complied with. Subsequently, and on June 20, 1894, the court, upon like motion, made a further order, requiring the plaintiff to

make a deposit of $500, or give an additional undertaking for costs in that amount. The appeal is from the order last referred to, and is founded on alleged want of power in the court, as well as upon abuse of discretion.

Section 3276 of the Code, in reference to "security for costs," provides that:

"At any time after the allowance of an undertaking given pursuant to such an order, or as prescribed in section 3278 of this act, or after notice of the payment into court pursuant to such an order, the court or judge thereof, upon satisfactory proof that the sum specified in the undertaking, or the amount of such payment is insufficient, * * * must make an order requiring the plaintiff to give an additional undertaking, or make an additional payment into court." '

The moving affidavit proved that there had been four trials of the action, two general term arguments, and one appeal to the court of appeals, and that at the last trial the defendant's costs, as taxed, including an allowance, aggregated $1,245. Under such circumstances, there was clearly no abuse of judicial discretion in requiring the plaintiff to furnish security, as a nonresident, in the sum of $1,500; and this is the sum of the two undertakings required.

The appellant contends that, if the undertaking first given exceeds in amount the deposit required by section 3272,—$250,— there is no warrant for an additional undertaking. The Code provisions are not so limited, and will not bear any such restricted construction. Section 3272 does not prescribe the amount of the undertaking, but section 3273 does, by requiring that:

"The undertaking, specified in the last section, must be executed to the defendant by one or more sureties, and must be to the effect that they will pay, on demand, to the defendant, all costs which may be awarded to him in the action, not exceeding a sum, specified in the undertaking, which must be at least two hundred and fifty dollars."

Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, referred to by the appellant, was decided in 1889, two years before the Code amendment of 1891, and is inapplicable, not only on that account, but also for the reason that no deposit was made here, as it was there. The Code provisions cited show clearly that the court had jurisdiction to require the additional undertaking, and acted strictly within the limits of the power conferred; and, there being no abuse of discretion, it follows that the order appealed from must be affirmed, with costs. All concur.