(49 App. Div. 33.)

### C. E. SHERIN SPECIAL AGENCY v. SEAMAN.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

COSTS—SECURITY—CORPORATIONS.
   A corporation is a "person," within the meaning of Code Civ. Proc. § 3268, providing that the defendant may require security for costs where, in an action brought in a county court, the plaintiff is a person residing without the county wherein the court is located.

Appeal from Westchester county court.

Action by the C. E. Sherin Special Agency against Frank Seaman. From an order denying a motion to compel plaintiff to give security for costs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry J. McCormick, for appellant.
Francis B. Chedsey, for respondent.

GOODRICH, P. J. The plaintiff, a domestic corporation, sued the defendant, a resident of Yonkers, in the county court of Westchester county. The defendant moved for an order requiring the plaintiff to file security for costs, under section 3268 of the Code of Civil Procedure, which provides that the defendant may require security for costs where, if the action is brought in a county court, the plaintiff is a person residing without the county wherein the court is located. The motion was based on an affidavit of the defendant's attorney in which it was stated that the plaintiff was a domestic corporation, "having its principal office and place for the transaction of business within the borough of Manhattan and city of New York, and having no office for the transaction of business, as deponent is informed and believes, within the county of Westchester." Evidently the only allegation made on information and belief is that the plaintiff has no office in Westchester county. The court denied the motion, and the defendant appeals.

The plaintiff contends, substantially, that the word "person" does not embrace a domestic corporation; that a domestic corporation is resident anywhere and everywhere within the state, and hence the

plaintiff is resident in any county of the state, so far as this section is concerned, and therefore cannot be required to give security for costs, as an individual plaintiff would be required to do, where, being nonresident of the county of Westchester, he commenced an action in the county court of that county. In Iron Works v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141, on a motion for a change of venue, the court held that the residence of the plaintiff corporation was that which was designated in its certificate of incorporation as its principal place of business, and, that being stated to be in St. Lawrence county, that county was the residence of the corporation. On the present motion the plaintiff produced an affidavit of its president in which it was stated that "the principal office of the plaintiff was in the city of New York." As it was within the knowledge and power of the plaintiff to negative the defendant's contention that the plaintiff's principal place of business was in the city of New York, by producing a copy of the certificate of incorporation, or swearing to the designation made therein, we must assume that the defendant's allegation as to the plaintiff's principal place of business is correct, and that the plaintiff is a resident of the county of New York, and not of Westchester.

We are thus brought to the question whether the plaintiff corporation is a "person," within the meaning of section 3268. The statutory construction act (1 Rev. St. [9th Ed.] p. 111, c. 1, § 1) makes the chapter applicable to every statute, unless a contrary intention is indicated; and section 5 reads, in part, "The term person includes a corporation." As section 3268 uses the word "person," it relates to corporations as well as to individuals; and it follows that the plaintiff, being a corporation residing without the county of Westchester, may be required to give security for costs in an action brought by it in the county court of Westchester county. To hold otherwise would secure to corporations an immunity not given to individuals, and, even if it were necessary (which it is not) to strain the language of the section to prevent such inequality, we should not hesitate to do so. In Republic v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, it was held that a foreign state was a person, for the purposes of the section in question. The court said (pages 312, 313, 112 N. Y., page 846, 19 N. E., and page 643, 2 L. R. A.):

"The word 'person' was, we think, used in its enlarged sense, as comprising all legal entities, except foreign corporations, which were authorized to bring actions in this state. In that sense it embraces moral persons, having legal rights, capable of entering into contracts and incurring obligations, as well as natural persons. The statute must be construed with reference to the objects it had in view, the evils intended to be remedied, and the benefits expected to be derived from it; and, as thus construed, we can see no reason why the plaintiff is not included within the description of the persons intended to be subjected to its obligations."

The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.