TOBIAS TILE COMPANY, INC., Plaintiff, *v.* TOPPING REALTY COMPANY, INC., Defendant.

(County Court, Bronx County, February, 1921.)

Costs — Bronx County Court — when security for costs not required — Code Civ. Pro. § 3268 — Bronx County Act (Laws of 1912, chap. 548).

A domestic corporation, whose principal place of business is in the city of New York, as plaintiff in an action brought in the County Court of Bronx county against one of its residents, may not be required to give security for costs under section 3268 of the Code of Civil Procedure.

Section 3268 of the Code of Civil Procedure and the " Bronx County Act " (Laws of 1912, chap. 548) must be read together, and a motion to vacate an order requiring the plaintiff to file security for costs will be granted.

APPLICATION to vacate an *ex parte* order requiring plaintiff to give security for costs.

Robert S. Mullen, for plaintiff.

Bobbe & Brown, for defendant.

GIBBS, J.  This is an application to vacate an order of this court obtained *ex parte* requiring the plaintiff to give security for costs.

The plaintiff is a domestic corporation, organized and existing under and by virtue of the laws of the state of New York, and has its principal place of business in the city and county of New York.  Defendant is a resident of Bronx county.

The order requiring that plaintiff furnish security for costs is based upon section 3268 of the Code of Civil Procedure.  The section reads as follows:

Section 3268: " The defendant, in an action brought in a court of record, may require security for costs to be given, as prescribed in this title, where the plaintiff was, when the action was commenced, either

" 1. A person residing without the state; or, if the action is brought in a county court, except in the counties of Albany, Kings, Queens, Rensselaer and Richmond, or in the city court of the city of New York, the city court of Yonkers, or the city court of Albany, residing without the city or county, as the case may be, wherein the court is located; or  * * *."

It is settled that the term " person " used in said act, includes a corporation. *Sherin Special Agency* v. *Seaman,* 49 App. Div. 33.

County Court, Bronx County, February, 1921. [Vol. 114.

Section 3268 of the Code of Civil Procedure was reenacted from 2 Revised Statutes, 620, part 3, chapter 10, title 2. The original act provided that "When a suit shall be commenced in any court, 1. For a plaintiff not residing within the jurisdiction of such Court or * * *. The defendant may require such plaintiff to file security for the payment of the costs that may be incurred by the defendant in such suit or proceeding."

In other words, a person who brought suit in the County Court of a county of which he was not a resident, was required to give security at the instance of the defendant.

The amendment to the Code of Civil Procedure in 1904 excepted from the general rule the County Courts of Kings, Queens and Richmond counties and the City Court of the city of New York. It is evident that the intention of the legislature in making this amendment was to permit persons residing in one of the counties comprising the city of New York to maintain actions in a County Court of the county in which they reside or of an adjoining county in the city of New York so long as that court had jurisdiction of the defendant, without the necessity of giving security for costs.

At the time of this enactment the borough of The Bronx was part of the county of New York and, therefore, included in the exception to the City Court of the city of New York. But in 1912 the borough of The Bronx was made a county by the act of the legislature known as the Bronx County Act.

The defendant corporation contends on this motion that insomuch as the borough of The Bronx was made a county separate and distinct from New York county and as there is no exception in section 3268 of the Code of Civil Procedure as to the Bronx County

Court, the plaintiff should be compelled to file security for costs. It cites a number of cases where security for costs has been required of the plaintiff in actions brought in many courts but none of them were actions brought in the County Courts of any of the counties comprising the city of New York.

Counties as to their corporate existence are completely within the control of the legislature. They may be changed, altered, enlarged, diminished or extinguished by the mere act of that body. Bronx county was created by chapter 548 of the Laws of 1912.

Section 3 of said act provides in part that: " There shall be a county court and a surrogate's court in and for the county of Bronx with all the jurisdiction and powers respectively vested in said courts by the constitution and the general laws relating to the county courts and surrogates' courts respectively in the several counties of this state now included in the city of New York except as hereinafter provided * * *."

Section 7 provides: " The county court within the county of Bronx on and after the first day of January, nineteen hundred and fourteen, shall have the same jurisdiction over civil and criminal actions and special proceedings as is now exercised under the provisions of law by the county court of the county of Kings."

The County Court of Bronx county, being a court of limited jurisdiction, has only such jurisdiction and powers as is conferred upon it by statute. By reason of the act which created the county, the County Court has all the jurisdiction and powers vested in courts by the Constitution and general laws relating to County Courts in the city of New York, particularly Kings County Court. Laws of 1912, chap. 548, § 7.

If the case at bar had been instituted in Kings

county, and the County Court of that county had jurisdiction over the person of the defendant, the plaintiff would not be required to give security for costs. Code Civ. Pro. § 3268.

If Bronx county is an exception to the general rule, it must be that the legislature intended it to be so, by the act creating the county. In other words, did the legislature by enacting the Bronx County Act read into section 3268, Code of Civil Procedure, " the County of Bronx," as an exception to the general rule? I believe it did.

Statutes relating to costs are generally taken strictly as being a kind of penalty and as creating liabilities which did not exist at common law. Suth. Stat. Const. § 718.

But provisions of an act requiring security for costs should be liberally construed to accomplish the object in view when passed. *Fogg* v. *Edwards*, 57 How. Pr. 290.

It is obvious that in 1904 when section 3268 of the Code of Civil Procedure was amended so as to except from the general rule the County Courts of Kings, Queens and Richmond and the City Court of the city of New York, it was the intention of that body to make it possible for a plaintiff residing in any of the counties comprising the city of New York to institute an action in any County Court in New York city, without giving security for costs. It was the intention that an action could be brought in the City Court of the city of New York against a resident of Bronx county without the necessity of giving security. I do not believe the legislature desired to alter the situation because the borough of The Bronx was made a county and the County Court created, as it still remains one of the boroughs of the city of New York. It simply meant to apply all laws relating to the

County Courts of New York city to the Bronx County Court. It sought to avoid the necessity of amending every statute pertaining to these courts by adding the words "Bronx County Court" to each of them.

I am therefore of the opinion that section 3268 of the Code of Civil Procedure and chapter 548 of the Laws of 1912, known as the "Bronx County Act" must be read together. The motion to vacate the order requiring the plaintiff to give security for costs is granted, with ten dollars costs.

Motion granted, with ten dollars costs.