FEDERAL NEWS COMPANY, INC., Plaintiff, *v.* EMPIRE STATE NEWS CORPORATION, Defendant.

Supreme Court, Special Term, New York County, September 29, 1939.

*David Spielman,* for the plaintiff.

*Falk, Phillips, Twelvetrees & Falk* [*Lewis F. Glaser* of counsel], for the defendant.

NOONAN, J. The defendant attempts to uphold the validity of the order requiring plaintiff to furnish security for costs on the theory that " plaintiff has been directed to furnish security for costs, not because it is a foreign corporation, but rather because it is a domestic corporation that had removed from the State prior to the commencement of the action." In other words, defendant claims that the present situation is governed by subdivision 5 of section 1522 of the Civil Practice Act, which authorizes an order for security for costs where a plaintiff " ceases to be a resident of the State." The difficulty with the defendant's contention is that plaintiff, being a New York corporation, still in existence and undissolved, must be deemed a resident of New York regardless of where its assets or place of business may be. A New York corporation does not cease to be a resident of New York State merely because it no longer has a place of business in New York and maintains a place of business in another State. The case of *Sherin Special Agency* v. *Seaman* (49 App. Div. 33) has no application here. In that case the question was whether a New York corporation was a person residing within the county in New York State where its principal place of business was located within the meaning of a statute requiring a plaintiff suing in a County Court to furnish security for costs where such plaintiff was a person not residing in the county where the court was located. A holding that a domestic corporation is a resident of

the county in this State in which its principal place of business is located is no authority for a determination that a domestic corporation ceases to be a resident of this State if it possesses no place of business in this State or transfers the same to another jurisdiction. The other cases relied upon by the defendant are also inapplicable here.

If at the time of the commencement of the action plaintiff no longer had a place of business within this State, no order for security for costs would have been proper, since in the case of corporate plaintiffs such an order is authorized only where the plaintiff is a "foreign corporation." (Civ. Prac. Act, § 1522.) The giving up of plaintiff's place of business after the commencement of the action would not give defendant a greater right to security for costs than it possessed if that had occurred prior to the commencement of the action.

The motion to dismiss the complaint for failure to furnish security for costs is denied and the cross-motion to vacate the order requiring security for costs is granted. Orders signed.