ALFRED O. DUNK, Respondent, *v.* ELIZA DUNK, as Executrix of ALFRED DUNK, Deceased, Appellant.

SECURITY FOR COSTS — WHEN ORDER REQUIRING ADDITIONAL SECURITY CANNOT BE GRANTED. The additional security for costs, which under section 3276 of the Code of Civil Procedure the court must require of a non-resident plaintiff at any time after he has given an undertaking pursuant to an order of the court if the undertaking filed be insufficient, can be required of him only when it was given in compliance with an order to that effect. If the undertaking is voluntarily given without any order requiring it after the service of a notice of motion therefor which was abandoned, the court has no power to require "an additional undertaking."

*Dunk* v. *Dunk*, 88 App. Div. 297, affirmed.

(Submitted January 7, 1904; decided January 26, 1904.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 23, 1903, which reversed an order of Special Term requiring plaintiff to give additional security for costs.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*David H. Carver* and *Israel T. Deyo* for appellant. The order requiring plaintiff to file additional security was right and should be sustained. (Code Civ. Pro. § 3276; *Fogg* v. *Edwards*, 57 How. Pr. 290; *Brewster* v. *Wooster*, 9 Misc.

Rep. 690.) The court in its discretion had the right to require security for costs which had already accrued and those which might thereafter accrue. (*Wood* v. *Blodgett*, 49 Hun, 64; *Fogg* v. *Edwards*, 57 How. Pr. 290.)

*Harry C. Walker* for respondent. The order appealed from, as made by the Special Term, was made without jurisdiction. There is no power in the court to require additional security for costs until "after the allowance of an undertaking given pursuant to such an order." (Code Civ. Pro. § 3276; *Honduras* v. *Soto*, 112 N. Y. 310.)

O'Brien, J. The order from which this appeal is taken was made on the 3d day of February, 1903, and required the plaintiff to give additional security for costs in the sum of $750. The learned court below, upon appeal, reversed this order; and from that decision the case comes here. No appeal will lie to this court, as matter of right, from such an order; but the appeal is allowed by the learned court below and the following question has been certified to this court:

"Had the Special Term the power, under section 3276 of the Code of Civil Procedure, to grant the order appealed from upon the undisputed facts appearing in the record?"

The undisputed facts referred to in this case are these: The proceeding was for the purpose of enforcing a disputed claim against the estate of a deceased person. The executor, in the administration of his trust, advertised for claims in pursuance of the statute. On the 31st day of December, 1898, the plaintiff presented his claim, duly verified. It was rejected by the executor, and on the 23d day of May, 1899, an order was made referring the matter in controversy to a referee, who rendered his report on November 24th, 1902, in favor of the defendant and judgment against the plaintiff for costs was rendered accordingly. The plaintiff is a nonresident of the state and soon after the reference the defendant's attorneys served notice of a motion, the purpose of which was to procure an order requiring the plaintiff to file

an undertaking in the sum of $250, as security for costs, on the ground that the plaintiff was a non-resident.   On the 23d of April, 1900, the plaintiff delivered such an undertaking to the defendant as such security.   Some time in the month of October, 1901, the defendant's attorneys served a notice of motion, the object of which was to require an additional undertaking for costs, on the ground that the sum specified in the first undertaking was insufficient.   The plaintiff thereupon procured to be executed such an undertaking and delivered the same to the defendant, which was accepted without question.

No order was ever made requiring the plaintiff to give either of these undertakings.   They were given voluntarily upon demand of the defendant's attorneys.   They were not filed with the clerk, and there was never any allowance of the same.   The undertakings were received by the defendant's attorneys and kept and retained in their safe in their law office.   The referee reported in favor of the defendant, and judgment for costs was rendered against the plaintiff in November, 1902, some months before the order in question was made and before it was noticed for a hearing.

The ground upon which the learned court below reversed the order was that the case did not come within the statute requiring additional security for costs.   (Code, §§ 3268–3279.) The provision of the statute upon which the defendant relies is section 3276.   The material part of that section reads as follows :

"At any time after the allowance of an undertaking given pursuant to such an order" the court, upon a showing that the undertaking filed is insufficient, must make an order "requiring the plaintiff to give an additional undertaking."

This is the only authority which requires the plaintiff to give additional security, and it will be seen from the language of the statute that the time when such additional security may be required is "at any time *after the allowance of an undertaking given pursuant to such an order.*"   What the learned court below decided is that, inasmuch as, upon the

undisputed facts in this case, no order was ever made requiring the plaintiff to give security and no allowance of an undertaking given pursuant to such an order was ever indorsed upon the papers by any judge, there was no authority in the statute for granting the application. It is quite clear that the statute does not, in terms, apply to a case where the plaintiff has voluntarily given security in the form of an undertaking where there was no order of the court requiring it, or any allowance of the same. But it is said that this court should enlarge the language of the statute and read into it words which the lawmakers have not used. That is to say, we should construe the statute in the same way as if it read as follows:

"At any time after the allowance of an undertaking given pursuant to such an order, *or at any time after an undertaking has been voluntarily given, without any order or allowance,*" then additional security may be required.

The statute is a very plain one, free from all ambiguity whatever; and it would be simply judicial legislation to hold that we ought to reverse the court below on the ground that the case, though not within the language, must be within the spirit of the statute.

The question involved in the appeal is a matter with respect to the practice in the Supreme Court in such cases, and since the learned court below has construed the statute according to its plain terms, we do not think that this court should interfere with the decision by enlarging the language which the legislature has selected in the enactment of the law. Moreover, the decision below is in accordance with the precedents in this court. Indeed, the question has already been disposed of by one of our own decisions. In the case of *Republic of Honduras* v. *Soto* (112 N. Y. 310) this court reversed an order of the court below, which required the plaintiff to give additional security, after it had made a deposit of $250 in money in lieu of an undertaking. It was held that the court had no power to make such an order, as the case was not one within the terms of the statute. The court in that case was

invited, as it is in this, to enlarge the language of the section, in order to conform to what was supposed to be the intention of the legislature ; but it declined to do so. A deposit of money, in such cases, takes the place of an undertaking ; and there was just as much reason in that case as there is in this to attempt to enforce what is claimed to be the spirit of the law, by incorporating into the statute words which are not found there. Indeed, that was a very much stronger case for compelling the plaintiff to give additional security than the one at bar. There, a foreign government brought a suit in. our courts and made a deposit of $250 only ; and it was held that that was the only security the defendant could require. Here, the plaintiff has already given two undertakings which amount to $750. There is no claim that the sureties are not responsible, or that the plaintiff himself is insolvent. If, in this case, the plaintiff had deposited $750, in money, instead of giving the two bonds, the case would then be absolutely identical with the one cited. A few extracts from the opinion in that case will, I think, furnish a complete answer to the defendant's contention.

" We are of the opinion that when a deposit of money has once been made, the court has no authority to require an undertaking, and whether the plaintiff shall give an undertaking, in the first instance, depends solely upon his election. If he then makes a deposit the court cannot afterwards require any further security to be given. The statute is explicit and unambiguous and there is no room or occasion for interpretation. To require a plaintiff under this statute to file an undertaking, after he has made a deposit, would be an exercise of the power of legislation and not a matter of judicial construction. * * . * The argument that the case is within the spirit of the provisions authorizing additional security is without force, in view of the absence of language providing for it, and also the presence of language which, by clear implication, excludes it. It is always competent for the legislature to speak clearly and without equivocation, and it is safer for the judicial department to follow the plain intent and obvious

meaning of the act, rather than to speculate upon what might have been the views of the legislature in the emergency which may have arisen. It is wiser and safer to leave to the legislative department to supply a supposed or actual *casus omissus* than attempt to do it by judicial construction."

In this case there is no occasion for straining or supplying words in order to execute, what is called, the spirit of the statute. The plaintiff may neglect or refuse to comply with an order of the court requiring him to give security for costs, and the only penalty that he is subjected to in such a case is the liability to have his complaint dismissed. It will be seen that, in this case, long before any application was made for this order, the case had been decided and judgment entered against the plaintiff; so that his complaint is already virtually dismissed. This is really an application to compel the plaintiff to give security for the payment of a judgment rendered against him. There is nothing to prevent the defendant from proceeding to enforce his judgment. As already remarked, there is no claim that the plaintiff is insolvent, or unable to respond to the demand. The provisions in regard to security for costs were not, I think, ever intended to apply to such a case. If the plaintiff had appealed, the defendant, by enforcing his judgment in the usual way, could compel him to stay the execution of the judgment in the usual way; and under these circumstances it is wiser and safer to follow precedents than to help the defendant out by judicial legislation.

I think the order appealed from should be affirmed, with costs.

B<span>artlett</span>, J. (dissenting). The provisions of the Code of Civil Procedure relating to security for costs should be liberally construed.

The defendant's attorney, on the ground of plaintiff's non-residence, served notice of motion asking security for costs, and later another notice of motion demanding increased security. On both occasions plaintiff gave the security so

demanded without defending the motions. A third motion. after appeal taken to the Appellate Division was made for further security for costs and an order duly granted by the Special Term directing the undertaking to be filed. This order was reversed by the Appellate Division, and we are asked to review the latter decision.

The sole ground for reversal is that in the first two motions for security orders were not entered, the plaintiff furnishing undertakings without that formality.

In each case motion papers had been duly served and the proceeding was pending when undertakings were given, and it seems to me a narrow and unreasonable construction to hold that this failure to enter orders when plaintiff voluntarily gave the proper undertakings in pending motion proceedings, deprives the defendant of the statutory provisions under which he was pursuing his remedy in a proper manner. The plaintiff swears, on information and belief, that neither undertaking was filed. The second undertaking furnished by plaintiff states that the first one was *duly* executed and filed.

The case of *Republic of Honduras* v. *Soto* (112 N. Y. 310) has no application to section 3276 of the Code of Civil Procedure, as amended in 1891 (Chap. 161). The case cited was decided in January, 1889, and was dealing with that section when it did not contain any provision as to the payment of money into court as did section 3272 at that time in reference to giving original security.

In 1891 section 3276 was amended in four different places so as to couple with the provisions relating to an undertaking additional enactments covering the case where there should be payments of money into court. This section deals exclusively with proceedings for an order to give additional security.

The order appealed from should be reversed, with costs.

PARKER, Ch. J., MARTIN, CULLEN and WERNER, JJ., concur with O'BRIEN, J.; VANN, J., concurs with BARTLETT, J.

Order affirmed.