(109 App. Div. 148.)

BENDER v. PAULUS et ux.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

1. COSTS—SECURITY—NONRESIDENTS.

A court of original jurisdiction possesses discretionary power to require a nonresident to give security for costs already accrued or entered on the judgment appealed from, as well as those that shall thereafter accrue.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 418.]

2. SAME—STATUTES.

Code Civ. Proc. § 3276, provides that, at any time after the allowance of an undertaking for costs, the court, on satisfactory proof that the sum specified is insufficient, etc., must make an order requiring additional security; and section 3277 declares that, where plaintiff fails

to comply with an order made as prescribed in the title, the defendant is entitled to a judgment dismissing the complaint and in his favor for costs. *Held,* that such sections did not limit the court's jurisdiction to requiring security for costs before judgment.

3. SAME—DISCRETION—ADDITIONAL SECURITY.

Where a nonresident had been required to give security for costs in the sum of $250, and judgment was rendered against her, dismissing the complaint, in which costs were taxed at $506.09, from which plaintiff appealed to the Appellate Division, an order requiring her to give additional security for costs in the sum of $500, and staying proceedings until she complied with such order, was not an abuse of the trial court's discretion.

Appeal from Special Term, Queens County.

Action by Catherine Bender against Philipp Paulus and wife. From an order requiring plaintiff to give additional security for costs in the sum of $500, she appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HOOKER, RICH, and MILLER, JJ.

William Phlippeau, for appellant.

John E. Van Nostrand (E. V. B. Getty, on the brief), for respondents.

WILLARD BARTLETT, J. The plaintiff, being a nonresident, was required, by an order made shortly after the commencement of the action, to give security for costs, under section 3272 of the Code of Civil Procedure, in the sum of $250. The required security was given. The action has since been tried, and the trial resulted in a judgment dismissing the complaint, with costs, which were taxed at $506.09. From that judgment the plaintiff has appealed to the Appellate Division. Pending the appeal, the defendants moved for additional security for costs, under section 3276 of the Code. The motion was granted, and the order was made, which now comes up for review, requiring the plaintiff to give additional security for costs in the sum of $500, and staying all further proceedings in the action on the part of the plaintiff, except to review or vacate the order, until the plaintiff shall have complied with its requirements.

A court of original jurisdiction possesses the discretionary power to require a nonresident plaintiff to give security for costs already accrued or entered on the judgment appealed from, as well as those which shall thereafter accrue. Gedney v. Purdy, 47 N. Y. 676; Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304. These and many other cases which might be cited sustain the power of the court to order security for costs to be given after the rendition of judgment. The appellant contends that the additional security provided for by section 3276 can be required only in an action in which no judgment has as yet been rendered, inasmuch as the only penalty prescribed for a failure to obey an order to give security for costs is a dismissal of the complaint, under section 3277 of the Code. This point seems to have been decided adversely to the position of the appellant in Gifford v. Rising, 48 Hun, 128, where Mr. Justice Bradley, writing for the General Term of the Fifth Department, held

that the penalty prescribed by section 3277—to wit, the dismissal of the complaint—was applicable only to cases wherein the order for security is made prior to judgment, saying that:

"After that, the statute provides no relief for default other than a stay of proceedings in the action."

Such a stay of proceedings was properly embodied in the order in the present case. Under the circumstances, we cannot say that the amount of additional security prescribed by the order is excessive. The plaintiff had previously given security only in the sum of $250. The costs upon the judgment were more than double that amount. As we have seen, the court below had power to exact security which should cover the costs already accrued, as well as those which might accrue upon the appeal. An additional undertaking or deposit of more than $250 was requisite to secure the defendants for the accrued costs included in the judgment; and further security to the extent of $250 more does not seem too large a sum to protect the defendants upon the appeal.

The appellant relies to some extent upon the language used by O'Brien, J., in Dunk v. Dunk, 177 N. Y. 264, 69 N. E. 539, where he characterized a motion for additional security for costs after judgment as really an application to compel the plaintiff to give security for the payment of a judgment rendered against him, and intimated that the Code provisions in regard to security for costs were not ever intended to apply to such a case. These expressions, however, were not necessary to the decision of the appeal, which proceeded solely on the ground that the additional security for costs provided for by section 3276 of the Code of Civil Procedure can be required only when the original security was given in pursuance of an order, and could not be exacted where the first undertaking was given voluntarily, without any order requiring it. The mere fact that the effect of an order for additional security is practically the same as would be that of an order compelling the plaintiff to secure payment of the judgment is not a sufficient reason for refusing to require additional security for costs to be given, where the moving party brings himself within the terms of the Code provisions on the subject.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.