(117 App. Div. 107)

SCHROEDER et al. v. PAGE.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

INSOLVENCY—PREFERENCES OF CREDITORS.

The statute of West Virginia provides that every transfer or charge made by an insolvent debtor attempting to prefer any creditor of the insolvent debtor shall be void. Defendant's testator brought an action against an insolvent corporation to compel it to provide money to meet certain notes which had been issued without his consent or knowledge, and upon which he was liable. The corporation had received the money for which the notes were given, and, having no defense to the action, transferred to defendant's testator sufficient of its property to satisfy them. Held not to be a preference within the meaning of the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insolvency, §§ 85, 86.]

Appeal from Special Term, New York County.

Action by Johannes E. Schroeder and another, as ancillary administrators of Johannes Schroeder, deceased, against Albion L. Page, as ancillary executor of John M. Young, deceased, for damages caused by neglect and bad faith of defendant's testator in acting under a power of attorney given him by Johannes Schroeder, deceased. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Alfred B. Cruickshank, for appellant.
Edward A. Alexander, for respondents.

INGRAHAM, J. The facts upon which this motion was brought are stated in the case of Frederick M. Meyer and others against this defendant, reported in 112 App. Div. 625, 98 N. Y. S. 739. We there held that that action, being based upon charges of fraud against the defendant's testator, could not be sustained, as the evidence did not warrant the finding that the defendant's testator was guilty of fraud. There is no substantial difference in the facts proved in this case, except that in this case the plaintiff read the testimony of the defendant's testator as part of his case, and thus established the facts which we held in the case last cited were inconsistent with the charge of fraud against the defendant's testator. The relation between the plaintiffs' testator and the defendant's testator, upon which the charge was based, existed by virtue of the power of attorney to act for plaintiffs' testator in the reorganization of the Young Importing Company. It is not disputed but that the defendant's testator was a creditor of that corporation when this power of attorney was received by defendant's testator, and that the plaintiffs' testator was treated in relation to the reorganization corporation as the defendant's testator was treated, and the only act complained of is that prior to the time that this power of attorney was executed or received by the defendant's testator he collected from the Young Importing Company a sum of money which was less than the amount of certain notes upon which he was liable, which had been issued by the president of the Importing Company

without his knowledge and during his absence. The proceeds of these notes had been actually received by the importing company and used to pay debts of that company to the plaintiffs' testator and others. It seems to be claimed by the plaintiffs that the defendant's testator was bound to disclose the fact that he had obtained money to pay these obligations before acting under the power of attorney in relation to the reorganization of the Young Importing Company. The defendant's testator, however, was not an officer or director of that company, and owed no duty to it or its creditors. He was a large creditor of the company before these notes were issued, but was under no legal duty to that company which prevented him from insisting that the company should provide for the payment of these notes upon which he was responsible, but which had been made and discounted without his knowledge and without his express or implied authority, and which had been used for the benefit of the company. These facts all appear from the evidence now introduced by the plaintiffs. It also appeared from such evidence that the defendant's testator paid these notes which had been issued and used for the benefit of the Young Importing Company after he had obtained either the payment of or security for the amount that had been realized by the importing company from them. It also appears by the evidence introduced by the plaintiffs that the defendant's testator did not send Thomas Young, the president of the Young Importing Company, to Europe to interview the plaintiffs' testator and other European creditors; that Thomas Young did not represent him on that trip; that the defendant's testator was not bound by any representations made by Thomas Young to such European creditors, nor was he acquainted with such representations until after these actions against him had been commenced. Under these circumstances the charges of the complaint that the defendant's testator was guilty of any fraud or deceit in his relations with the plaintiffs' testator is without evidence to support it.

Stress is also laid by the plaintiffs upon the statute of West Virginia, under the laws of which state the Young Importing Company was incorporated, making preferences of insolvent incorporations illegal. But the evidence does not bring this case within that statute, as the enforcement of the claims by the defendant's testator against the Young Importing Company was not a preference within its provisions. The defendant's testator brought the action against the company to compel it to provide money to meet the notes which were issued without his consent or knowledge and upon which he was liable. He had a perfect right to commence the action and enforce that claim. It is not pretended that the Young Importing Company had any defense to that action, and it is perfectly apparent that, if he had entered judgment and issued execution, there was property of that company which would have been sufficient to satisfy that judgment. The fact that the company conceded its liability and satisfied the judgment out of its property created no liability against defendant's testator. There was certainly nothing in the relations between the plaintiffs' testator and the defendant's testator which prevented the defendant's testator from prosecuting that action and collecting the judgment due him, and nothing that required him to inform the plaintiffs' testator of the fact of

his collecting this demand before acting on the power of attorney sent by plaintiffs' testator to reorganize the Young Importing Company.

The discussion of the questions involved in this case in deciding the former appeal (Meyer v. Page, 112 App. Div. 625, 98 N. Y. Supp. 739) renders any further discussion in this case unnecessary, and upon that opinion the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.