STREET RAILROADS—INJURIES TO PERSONS CROSSING TRACKS—CONTRIBUTORY NEGLIGENCE.

> Where plaintiff, as he was about to step on a street railway track in crossing a street at night, looked and saw a car which was approaching at a medium rate, 60, 75, or 80 feet away, and as he got to the middle of the track looked again, and the car was so close that he jumped, but was hit before he could get off the track, and there was nothing to prevent him from seeing the car all the time, he was not entitled to recover, it being an impossibility for him to have been struck unless he negligently remained in the way; and this was so, though the car's headlight may have gone out as the car was approaching and then lighted up again.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 207.]

Appeal from Trial Term, Queens County.

Action by William Robinson for personal injuries against the Union Railway Company of New York City. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, MILLER, and GAYNOR, JJ.

Archibald Foote Clark, for appellant.
Bayard H. Ames, for respondent.

GAYNOR, J. The best phase of the testimony of the plaintiff and his witnesses is that he was walking across Third avenue in Bronx borough near 180th street in the middle of the block after dark; that as he was about to step on the uptown track (the first he reached) he looked south and saw a car approaching at a medium rate of speed 60, 75, or 80 feet away; that as he got to the middle of this track he looked again and the car was so close that he jumped back but was hit before he could get off the track and lost a leg. There was no other vehicle in the vicinity, and nothing to prevent the plaintiff from seeing the car all the time. Having seen the car that distance away as he was stepping on the track, it was impossible for him to be struck by the car by the time he got to the middle of the track unless he negligently remained in the way. One witness says the headlight

went out as the car was going the said distance and then lighted up again; but if this be believed it makes no difference for the plaintiff says he saw the car.

The judgment should be affirmed.

Judgment unanimously affirmed on reargument, with costs. All concur.