### SCHROEDER et al. v. PAGE.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

COSTS—SECURITY FOR PAYMENT—ADDITIONAL SECURITY.

> Code Civ. Proc. § 3276, providing that, after allowance of an undertaking for costs, the court, on proof that the sum specified is insufficient, must make an order requiring plaintiff to give an additional undertaking or make an additional payment, does not authorize an order for additional security where, before the application therefor, the action has been tried, complaint dismissed, and judgment entered for costs against plaintiffs who have appealed therefrom, and there is nothing to show that plaintiffs are not able to pay such judgment.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 518–528.]

Appeal from Special Term.

Action by Johannes Schroeder and another, as ancillary administrators, against Albion L. Page, as ancillary executor. Pending appeal by plaintiffs from a judgment for defendant, they were required on defendant's motion to give additional security for costs, and from that order they appeal. Order reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward A. Alexander, for appellants.
Alfred B. Cruikshank, for respondent.

McLAUGHLIN, J. This appeal is from an order requiring plaintiffs, nonresidents, to give $500 additional security for costs. Before answering the defendant demanded $250 security for costs, which was given pursuant to an order of the court. Some time thereafter a motion was made by defendant for additional security. The motion was granted, and $750 more was paid into court, and at the present time,

with accrued interest, there is on deposit with the city chamberlain the sum of $1,050. Thereafter the action was tried and the complaint dismissed, with costs, and judgment was subsequently entered against plaintiffs for the costs, which amounted to $1,361.63. The plaintiffs have appealed from this judgment, which appeal is now pending and undetermined. No security has been given to stay execution, however, upon the judgment. After the appeal had been taken, the defendant made a motion that the plaintiffs give additional security. The motion was granted, and plaintiffs directed either to pay into court the sum of $500 in addition to the sum theretofore deposited, to be applied to the payment of costs, or at their election file an undertaking, with one or more sureties, to the effect that they will pay on demand to the defendant all costs which may be awarded to him in this action, not exceeding $500, in addition to any sum theretofore deposited as security. It is from this order that the present appeal is taken.

The respondent contends that he is entitled to additional security under the provisions of section 3276 of the Code of Civil Procedure. This section, so far as material, provides that any time after the allowance of an undertaking, or after notice of the payment into court in pursuance of such order, the court, upon satisfactory proof by affidavit that the sum specified in the undertaking or the amount of such payment is insufficient, or that one or more of the sureties have died or become insolvent, or that his or their circumstances have become so precarious that there is reason to apprehend that the undertaking will be insufficient for the security of the defendant, must make an order requiring the plaintiff to give an additional undertaking or make an additional payment into court. The right to require additional security for costs is purely a creation of the statute, and authority therefor must be found in the statute, or it does not exist. Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, 8 Am. St. Rep. 744. The only statute which gives a party the right to additional security is the section of the Code of Civil Procedure above referred to, and this, it will be observed, does not in express terms give a party the right to further or additional security when such security has theretofore been given.

But, if it be assumed that under certain circumstances such further or additional security may be required, then I am of the opinion, under the facts here presented, this motion should have been denied. Where security is directed to be given, a plaintiff may neglect or refuse to comply with the order, and the only penalty to which he is subjected is a dismissal of the complaint, with costs. This would seem to indicate a legislative intent that security could not be required after the complaint had been dismissed. Here, before the application which resulted in the order appealed from was made, the action had been tried, complaint dismissed, and judgment entered against the plaintiffs; and there is nothing to show that the plaintiffs are not pecuniarily able to pay such judgment, or any further judgment that the defendants may obtain. It is not alleged that they are insolvent, nor are any facts stated showing their inability to pay. It is true plaintiffs have appealed from the judgment; but this does not stay execu-

tion thereon, and no reason is given why defendant should not proceed in the regular way to collect his judgment. To require security at this stage of the action is, in effect, to require security for the payment of the judgment. Dunk v. Dunk, 177 N. Y. 264, 69 N. E. 539.

I am of the opinion, therefore, the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

