cepted to. This, I think, was erroneous, as it took away from the jury the question of the defendant's negligence. As I understand it, a violation of the labor law (chapter 415, p. 461, Laws 1897) does not of itself as a matter of law impose a liability upon the employer. It is evidence from which the jury may find negligence; but it is error for the court to instruct the jury that the defendant is liable as a matter of law. This error runs through all the charge; and, while there are inconsistent statements as to the defendant's liability, I think upon this charge as a whole the jury would have been justified in understanding that the court had instructed them as a matter of law that if this scaffold was defective and dangerous, and the risk was not obvious to the deceased, then the defendant was liable. I think it was error to refuse to charge the defendant's ninth request. The evidence is uncontradicted that the deceased and his associate placed considerable strain upon this scaffold in trying to unscrew a pipe, and that it was while thus straining it that the scaffold fell. There was no evidence but that the scaffold would have been perfectly safe if used in an ordinary way. I think the defendant was entitled to have the jury instructed that the defendant was not liable unless the jury should find that the use of the scaffold contemplated by the defendant, and for which it can be said to have been furnished for the plaintiff's use, was the use to which he put it. There are other questions presented in this case which are not free from doubt, and I think the case should be submitted to another jury.

---

ROBINSON, Appellant, v. UNION RY. CO. OF NEW YORK CITY, Respondent. (Supreme Court, Appellate Division, Second Department. November 22, 1907.) Action by William Robinson against the Union Railway Company of New York City. No opinion. Motion for reargument denied, with $10 costs. See 121 App. Div. 558, 106 N. Y. Supp. 203.

---

In re RODGERS, Justice of the Peace. (Supreme Court, Appellate Division, Second Department. March 6, 1908.) In the matter of the application for the removal from office of John Rodgers, a justice of the peace. No opinion. Report of the referee confirmed, and his compensation fixed at $500, together with $37.75 disbursements. See 121 App. Div. 915, 106 N. Y. Supp. 1143.°

---

ROENBECK, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 11, 1908.) Action by Herman Roenbeck against the Brooklyn Heights Railroad Company. No opinion. Motion denied.

---

ROGERS, Appellant, v. HOVEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by Fred W. Rogers against Cassius M. Hovey. No opinion. Judgment affirmed, with costs.

---

ROMER, Appellant, v. STANDARD PLUNGER ELEVATOR CO., Respondent. (Supreme Court, Appellate Division, First Department. March 6, 1908.) Action by Michael Romer against the Standard Plunger Elevator Company. B. Patterson, for appellant. F. V. Johnson, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

---

ROSENBERG et al., Respondents, v. FEIERING, Appellant. (Supreme Court, Appellate Division, Second Department. March 11, 1908.) Action by Louis Rosenberg and another against Jennie Feiering. No opinion. Motion granted.

---

ROSENBERG, Appellant, v. PEOPLE'S SURETY CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 11, 1908.) Action by Ignatz Rosenberg against the People's Surety Company. No opinion. Motion denied.

---

RUDTNER et al., Respondents, v. COOPER, Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by Joseph Rudtner and another against Michael Cooper. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless the plaintiffs within 20 days consent to reduce the damages to $708.75, in which case the judgment, as so modified, and the order, are affirmed, without costs.

---

RULAND, Respondent, v. NEWBOLD. Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by Preston B. Ruland against Warren S. Newbold. No opinion. Judgment · affirmed, with costs.

---

SANDS, Respondent, v. NORTHWESTERN REALTY CO., Appellant, et al. (Supreme Court, Appellate Division, First Department. March 27, 1908.) Action by B. Aymar Sands, as ancillary administrator, etc., against the Northwestern Realty Company, impleaded. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

---

SCHNEIDER, Appellant, v. SCHNEIDER, Respondent. (Supreme Court, Appellate Division, First Department. March 6, 1908.) Action by Gottfried Schneider against Anna M. Schneider. C. P. Hallock, for appellant. H. W. Pollock, for respondent. No opinion. Judgment reversed, and new trial ordered, costs to appellant to abide event, on Schneider v. Schneider (decided December 20, 1907) 107 N. Y. Supp. 792. Order filed.

---

SCHROEDER et al., Appellants, v. PAGE, Respondent. (Supreme Court, Appellate Division, First Department. March 20, 1908.) Action by Johannes E. Schroeder and another against Albion L. Page, as ancillary executor. E. A. Alexander, for appellants. A. B. Cruikshank, for respondent. No opinion. Judgment affirmed, with costs, on 112 App. Div. 625, 98 N. Y. Supp. 739, and 117 App. Div. 107, 102 N. Y. Supp. 332. Order filed. See 108 N. Y. Supp. 721.