(124 App. Div. 583.)

### BANES v. RAINEY et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. COSTS—SECURITY—STATUTORY RIGHT.
   The right to require a nonresident plaintiff to give additional security for costs is statutory, and does not exist independent of Code Civ. Proc. § 3276, conferring such right.

2. SAME—FILING SECURITY—TIME—ADDITIONAL SECURITY.
   Where defendant did not obtain an order to compel a nonresident plaintiff to give security for costs until after plaintiff had filed an undertaking, defendant's right to compel plaintiff to give additional security should be determined in the same manner as though the undertaking had been given pursuant to the order entered after the motion for security had been heard, as plaintiff could not deprive defendant of the right to additional security if otherwise entitled thereto by giving an undertaking intermediate to the making of the motion and the entry of the order.

3. SAME—RIGHT TO ADDITIONAL SECURITY—SECURITY AFTER JUDGMENT.
   Code Civ. Proc. § 3276, authorizes an order for additional security for costs against a nonresident plaintiff on proof that the security given was insufficient, etc., and section 3277 declares that if the plaintiff fails to comply with an order for security for costs defendant is entitled to a judgment of dismissal. *Held*, that where, after a nonresident plaintiff had given security for costs, judgment was entered dismissing the complaint from

which plaintiff appealed, defendant was not thereafter entitled to an order requiring plaintiff to give additional security.

Appeal from Special Term.

Action by Samuel Thompson Banes against Roy A. Rainey, as executor, etc. From an order directing plaintiff to give additional security for costs, he appeals. Reversed, and motion denied.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Kelley, for appellant.

Bartow S. Weeks, for respondent.

McLAUGHLIN, J. This appeal is from an order directing the plaintiff, a nonresident, to give additional security for costs by filing and procuring the allowance of an additional undertaking with sufficient sureties in the sum of $2,250, or by making an additional payment into court in that sum. Before answering, the defendant made a motion to compel the plaintiff to give security for costs. The motion was not opposed, and on the day it was returnable, and before any order had been made requiring plaintiff to give such security, he filed an undertaking in the sum of $250, and a few days later served a copy on defendant's attorney, who retained it. The motion resulted in an order requiring the plaintiff to give security in the sum of $250, which was entered after the undertaking had been given. Subsequently, proceedings were had in the action which resulted in a dismissal of the complaint, and judgment against the plaintiff for $2,371 costs. The plaintiff appealed from the judgment, which is still pending. After the appeal had been taken, the defendant made a motion that the plaintiff give additional security for costs, which motion resulted in the order appealed from.

The right to require a nonresident plaintiff to give additional security for costs is purely a creation of the statute, and unless authority can there be found it does not exist. Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, 8 Am. St. Rep. 744. The only statute so far as I am aware, which gives a defendant the right to require from a nonresident plaintiff additional security for costs, is section 3276 of the Code of Civil Procedure. That section provides that any time after the allowance of an undertaking given pursuant to an order of the court, or after notice of the payment into court, made pursuant to such an order, upon satisfactory proof by affidavit that the sum specified in the undertaking or the amount of such payment is insufficient; or that one or more of the sureties have died or become insolvent; or that his or their circumstances have become so precarious that there is reason to apprehend that the undertaking is insufficient for the security of the defendant—the court or a judge thereof must make an order requiring plaintiff to give an additional undertaking, or make an additional payment into court. Here the original undertaking was given before any order had been made, but I am inclined to think, inasmuch as the defendant did not abandon the motion, that the question should be considered as though the under-

taking had been given in pursuance of the order which was thereafter entered. It can hardly be that the plaintiff could deprive the defendant of the benefit of additional security, if otherwise entitled thereto, by giving an undertaking intermediate the making of the motion and the entry of an order. Treating the undertaking as one having been given pursuant to an order, and as having been allowed before the motion which resulted in the order here appealed from was made, I do not think the defendant was entitled to the additional security. Where security is directed to be given under section 3276 of the Code of Civil Procedure, a plaintiff may neglect or refuse to comply with the order, and, if he does so, the only penalty to which he is subjected is that provided in section 3277, which is a dismissal of the complaint with costs. This would seem to indicate at least a legislative intent that security could not be required after the complaint had been dismissed. Here, before the motion was made which resulted in the order appealed from, the complaint had been dismissed, and judgment entered in favor of the defendant and against the plaintiff for the costs. To require security at this stage of the action, is, in effect, to require security for the payment of the judgment, which the statute does not authorize. This was the view entertained by this court in Schroeder v. Page (decided at the last January term, not yet officially reported) 108 N. Y. Supp. 721, which is decisive of this appeal.

As I read the opinion in Dunk v. Dunk, 177 N. Y. 264, 69 N. E. 539, this was also the view of the majority of the judges of the Court of Appeals. Judge O'Brien, who delivered the opinion of the majority of the court, said:

"In this case there is no occasion for straining or supplying words in order to execute, what is called, the spirit of the statute. The plaintiff may neglect or refuse to comply with an order of the court requiring him to give security for costs, and the only penalty that he is subjected to in such a case is the liability to have his complaint dismissed. It will be seen that, in this case, long before any application was made for this order, the case had been decided, and judgment entered against the plaintiff; so that his complaint is already virtually dismissed. * * * The provisions in regard to security for costs were not, I think, ever intended to apply to such a case."

It is true our decision is in conflict with Bender v. Paulus, 109 App. Div. 148, 95 N. Y. Supp. 670. The decision in that case seems to have been based largely upon the proposition that "a court of original jurisdiction possesses the discretionary power to require a nonresident plaintiff to give security for costs already accrued or entered on the judgment appealed from, as well as those which shall thereafter accrue." To support this proposition the learned justice who wrote the opinion cited two authorities—Gedney v. Purdy, 47 N. Y. 676, and Wood v. Blodgett, 49 Hun, 64, 62 N. Y. Supp. 304. Wood v. Blodgett, supra, seems to have been based upon the decision in Gedney v. Purdy, supra. The opinion in the Wood Case erroneously states what was held in the Gedney Case. That case did not hold "that a court of original jurisdiction may, in its discretion, require a nonresident plaintiff to give security for costs already accrued or entered on the judgment appealed from, as well as those which should thereafter accrue." The plaintiff in Gedney v. Purdy, supra, who was required to give ad-

ditional security for costs was not a nonresident, but an administrator, and was required to give security for costs under section 317 of the Code, which read substantially the same as section 3271 of the Code of Civil Procedure now reads. What was held was that "a court of original jurisdiction may in its discretion require the plaintiff in an action, suing as an executor, administrator, or trustee of an express trust, to give security for costs under section 317 of the Code at any time during the pendency of the action, either before trial and judgment or pending an appeal to the General Term of the court from a judgment." There the order directing additional security was authorized by the section of the Code in pursuance of which the decision was made. Here it is sought to justify the order under section 3276 of the Code of Civil Procedure, and I am unable to find there any authority which authorizes an order requiring additional security after the complaint has been dismissed.

For this reason, therefore, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

INGRAHAM, J. I concur. This question has been decided in Schroeder v. Page (not yet officially reported) 108 N. Y. Supp. 721, and this appeal is controlled by that decision; otherwise, I should be inclined to agree with Bender v. Paulus, 109 App. Div. 148, 95 N. Y. Supp. 670.