SAMUEL T. BANES, Respondent, *v.* ROY A. RAINEY, as Executor of WILLIAM T. RAINEY, Deceased, Appellant.

1. SECURITY FOR COSTS — RIGHT OF EXECUTOR, SUED IN REPRESENTATIVE CAPACITY BY NON-RESIDENT, TO SECURITY FOR COSTS — CODE CIV. PRO. §§ 3268, 3271, 3276. An executor of an estate sued in his official capacity by a non-resident of the state is entitled to security for costs as a matter of right, because the plaintiff is a non-resident (Code Civ. Pro. § 3268), and is also entitled to such security, in the discretion of the court, because he is sued as an executor in his representative capacity (Code Civ. Pro. § 3271). Under section 3276 of the Code of Civil Procedure, such executor is also entitled, after the allowance of an undertaking, given as security pursuant to an order granted under said section 3271, or under section 3278, and in a proper case, to an order requiring the plaintiff to give an additional undertaking, if the sum specified in the first undertaking is insufficient, or the security thereof unsafe, or if the court is satisfied that such additional undertaking is required to secure a judgment rendered against the plaintiff for costs in such an action, upon an appeal therefrom.

2. SAME — WHEN PROCURING OF UNDERTAKING BY NON-RESIDENT PLAINTIFF, AFTER GRANTING OF ORDER REQUIRING UNDERTAKING, BUT BEFORE ENTRY THEREOF, DOES NOT CONSTITUTE VOLUNTARY GIVING OF UNDERTAKING — WHEN EXECUTOR DOES NOT WAIVE RIGHT TO ADDITIONAL SECURITY BY ACCEPTING SUCH UNDERTAKING. Where an executor, sued in his representative capacity by a non-resident, obtained an order requiring the plaintiff to give security for costs, upon his failure to appear after service of motion for such order, but the plaintiff, before the order was entered, filed an undertaking, duly allowed and approved by a justice of the Supreme Court, which was accepted by the defendant as satisfying the terms of the order, which was thereafter filed and entered and a copy served upon the plaintiff, it cannot be held that the undertaking was voluntarily given by plaintiff and that the defendant, by accepting the undertaking so given in advance of the entry of the order and omitting

to require the plaintiff to give a new undertaking in the same form and for the same amount after the order was actually filed, thereby waived his right to additional security as provided by said section 3276.

*Banes* v. *Rainey*, 124 App. Div. 583, reversed.

(Argued May 18, 1908; decided June 2, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1908, which reversed an order of Special Term directing the plaintiff to give additional security for costs to the amount of $2,250, and staying all proceedings on the part of the plaintiff except to review or vacate said order until compliance therewith.

The defendant's testator died August 13, 1904. The plaintiff, a non-resident of this state, commenced this action July 24, 1906, to recover for alleged services performed by him as a physician to the defendant's testator between September 10, 1898, and September 7, 1903, and he demands judgment for $33,040.00.

Immediately after the action was commenced the defendant appeared by attorney and served an affidavit and notice of motion to require the plaintiff to give security for costs as required by section 3272 of the Code of Civil Procedure. The motion was heard in court, the plaintiff not appearing, but before an order was entered thereon the plaintiff procured an undertaking to be signed by a surety company, and the same was thereupon allowed and approved as to form and the sufficiency of the sureties, by a justice of the Supreme Court and duly filed, and a copy thereof served upon the attorney for the defendant. The order made upon the motion was in the usual form and it was duly entered and a copy thereof served upon the attorney for the plaintiff. The undertaking so filed and served by the plaintiff recited : " Whereas the plaintiff Samuel Thompson Banes, a non-resipent of the State of New York, has commenced an action in the above named court against the above named Roy A. Rainey as executor, etc., and the defendant being entitled to security for costs under the provisions of the Code of Civil

Procedure." It was accepted by the defendant as satisfying
the terms of the order. Such proceedings were thereafter
had in the action that the plaintiff's complaint was dismissed
and judgment was entered in favor of the defendant and
against the plaintiff for $2,371.10 costs. Execution was
issued upon such judgment but the same remains wholly
unsatisfied. An appeal was subsequently taken by the plain-
tiff from such judgment to the Appellate Division of the
Supreme Court. The defendant thereupon made this motion
and an order was entered as stated. An appeal was taken
from such order to the Appellate Division of the Supreme
Court where the order was reversed. Leave to appeal to this
court was thereupon granted and the following question was
certified to us: "Had the Special Term the power, under
section 3276 of the Code of Civil Procedure, to grant the
order appealed from upon the undisputed facts appearing in
the record?"

*Barton S. Weeks* and *C. Andrade, Jr.*, for appellant.
Security may be required for costs already accrued, as well
as those that may be thereafter awarded against the plaintiff.
(*Wood* v. *Blodgett*, 49 Hun, 64; *Brewster* v. *Wooster*, 9
Misc. Rep. 690; *Gedney* v. *Purdy*, 47 N. Y. 676; *Gifford*
v. *Rising*, 48 Hun, 128.) The amount of the undertaking
for additional security is not limited to $250. (*Brewster* v.
*Wooster*, 9 Misc. Rep. 690.) The only limitation on the
amount of the undertaking is that it must be at least $250.
(*Brewstsr* v. *Wooster*, 9 Misc. Rep. 690; *Bender* v. *Paulus*,
109 App. Div. 148; *Fogg* v. *Edwards*, 57 How. Pr. 290.)
Further security may be required after judgment and notice
of appeal. (*Bender* v. *Paulus*, 109 App. Div. 148; *Wood*
v. *Blodgett*, 49 Hun, 64; *Gifford* v. *Rising*, 48 Hun, 128;
*Gedney* v. *Purdy*, 47 N. Y. 676; *Groark* v. *Lemmerle*, 80
App. Div. 626.)

*Charles E. Kelley* and *James W. Osborne* for respondent.
The Special Term did not have power under section 3276 of

the Code of Civil Procedure to grant the order appealed from. (Code Civ. Pro. § 3276 ; *Republic of Honduras* v. *Soto*, 112 N. Y. 310 ; *Dunk* v. *Dunk*, 177 N. Y. 264.) To require the plaintiff to give $2,250 additional security would in effect be compelling him to give security for the payment of a judgment and this is not the purpose of sections 3268 and 3279 providing for security for costs. (*Dunk* v. *Dunk*, 177 N. Y. 264.) In any event section 3276 provides for additional security only in the sum of $250. (*Robertson* v. *Barnum*, 29 Hun, 657 ; *Turrell* v. *E. R. R. Co.*, 46 App. Div. 296.)

CHASE, J. The question certified to us involves three questions : (1) Is the defendant in a position to require an additional undertaking as provided by section 3276 of the Code of Civil Procedure ? (2) Can an additional undertaking be ordered for an amount in excess of $250 ? (3) Can an additional undertaking be ordered as security for costs already accrued or entered in a judgment as well as security for costs that may thereafter accrue ?

The Revised Statutes (Part 3, chapter 10, title 2, section 4), provided that a defendant might require security for costs in certain cases as therein specified. By that section a defendant as a matter of right could require security for the payment of the costs where an action was brought by a non-resident plaintiff and the court on application could order the plaintiff to give such security in the form of a bond in a penalty of at least two hundred and fifty dollars "conditioned to pay, on demand, all costs that may be awarded to the defendant in such suit." It was by that title also provided that when an action was commenced where the defendant was entitled to require security for costs the attorney for the plaintiff should be liable for the costs to an amount not exceeding one hundred dollars until such security was filed, and it was therein expressly provided that the attorney could relieve himself from such liability by filing security as also therein provided. The amount of the bond so to be given was not limited by

the Revised Statutes, but no provision was contained therein
for an additional bond.

By chapter 305 of the Laws of 1875 section 4 of said title
of the Revised Statutes was amended so as to authorize the
court or any judge thereof at any stage of the litigation after
the filing of the bond as provided in said statutes, upon its
being made to appear among other things that the penalty of
such bond is insufficient, to require the filing of another bond
" in the penalty of a sum sufficient to recover the costs and
disbursements already accrued and incurred in the action, and
the costs and disbursements probably to accrue and be incurred
in the further progress of the action   *   *   *   conditioned
to pay on demand to the defendant,   *   *   *   all costs that
may be awarded against the plaintiff in such action, and that
all proceedings on the part of the plaintiff be stayed until
such further bond be filed,   *   *   *."

By section 317 of the Code of Procedure the court was
authorized in its discretion in an action prosecuted or defended
by (among others) an executor to require security for costs.
Sections 3268–3279 of the Code of Civil Procedure as
enacted in 1880 took the place of the provisions of the
Revised Statutes and of the Code of Procedure. Said sec-
tions of the Code of Civil Procedure have not been amended
since their enactment so as to affect the questions now con-
sidered. The right of a defendant to require a non-resident
plaintiff to give security for costs and the authority of the
court in its discretion to require security for costs in an action
against an executor in his representative capacity is continued
by said sections to the present time. By said section 3272 it
is provided that the court upon due proof by affidavit " must
make an order requiring the plaintiff, within a time specified,
either to pay into court, the sum of two hundred and fifty
dollars, to be applied to the payment of the costs, if any,
awarded against him, or, at his election, to file with the clerk
an undertaking, and to serve a written notice of the payment
or of the filing upon the defendant's attorney ; and staying all
other proceedings, on the part of the plaintiff, except to review

or vacate the order, until the payment or filing, and notice thereof, and also, if an undertaking is given, the allowance of the same." Said section 3273 requires that the undertaking " must be to the effect that they will pay, upon demand, to the defendant, all costs which may be awarded to him in the action, not exceeding a sum, specified in the undertaking, which must be at least two hundred and fifty dollars."

By said section 3276 it is provided that "At any time after the allowance of an undertaking, given pursuant to such an order, or as prescribed in section three thousand two hundred and seventy-eight of this act, * * * the court, or a judge thereof, upon satisfactory proof, by affidavit, that the sum specified in the undertaking, * * * is insufficient; * * * must make an order requiring the plaintiff to give an additional undertaking, or make an additional payment into court. * * *" Said section 3278 provides that where a defendant is entitled to require security for costs the plaintiff's attorney is liable for the defendant's costs to an amount not exceeding one hundred dollars until security is given, and it further provides that "the plaintiff's attorney may relieve himself from that liability, although the defendant may not require security for costs to be given, by filing and procuring the allowance of an undertaking, as if an order had been made as prescribed in section 3272 of this act."

The defendant was entitled to security as a matter of right because the plaintiff was at the commencement of the action a non-resident of the state (section 3268) and he was also entitled to such security in the discretion of the court pursuant to said section 3271 because he was sued as an executor in his representative capacity. When the first undertaking as security for costs was filed by the plaintiff he had not only been served with notice of motion by the defendant to require such security, but he had failed to appear in court as required by such notice. The plaintiff knew that the order was a matter of right and that it would be granted as such even if the court did not direct that security for costs be given, because the action was against an executor in his representa-

tive capacity. The plaintiff should not, because he had made default in appearing upon the motion and then by diligence procured the undertaking and had the same allowed and approved before the order therefor was actually signed and filed, be allowed to say that it was voluntarily given by him. The defendant by accepting the undertaking so given in advance of the entry of the order and omitting to require the plaintiff to give a new undertaking in the same form and for the same amount after the order was actually filed did not waive his right to additional security as provided by said section 3276. The undertaking was actually allowed by a justice of the Supreme Court and duly filed, and it was undoubtedly intended to be a compliance with the order granted pursuant to the notice of motion. If we assume that the plaintiff's attorney obtained the undertaking voluntarily pursuant to said section 3278 and not pursuant to an order, and that he thereupon had it filed and procured the allowance thereof as if an order had been made as provided by said section 3272, an additional undertaking can be required within the express language of said section 3276 quoted. In *Dunk* v. *Dunk* (177 N. Y. 264) the undertakings were not allowed pursuant to an order or otherwise. The undertakings given in that case were pursuant to agreement and by voluntary action. They were not allowed by the court, and at least one of them was not filed as prescribed by the Code provision.

There is nothing in said section 3276 that limits the amount of an additional undertaking except as it is limited by the amount necessary for security to the defendant. There is no prescribed maximum limit to the amount of an undertaking to be given as security for costs or to the number of times application may be made for an additional undertaking or payment into court. If, to sufficiently secure the defendant, it was necessary to require an additional undertaking or the payment into court of more than $250, it would be a useless expenditure of the time of the courts to require the application repeated a sufficient number of times until the multiple of $250 reached an amount sufficient for the security

of the defendant. The authority to require the security being shown, a limitation of the amount which the court can direct to be paid into court at one time will not be deemed intended by the last clause of said section 3276.

A party cannot require security for costs until after the action is commenced and the order cannot be made in the action until some costs have accrued which are payable to the party entitled to security in case of his success. The condition of the undertaking without reference to the time when it is given is to pay . " all costs which may be awarded to him in the action " without limitation as to the time when such costs accrue. It would seem, therefore, that the security for costs is general and not limited by any reference to the time when they accrue. As we have quoted from the Revised Statutes, as amended by chapter 305 of the Laws of 1875, the penalty of the bond as required by said amendment was directed to be fixed at a " sum sufficient to recover costs and disbursements already accrued and incurred in the action, and the costs and disbursements probably to accrue and be incurred in the further progress of the action." It was provided, however, that the condition of the bond should be " to pay on demand to the defendant, his representatives or assigns, all costs that may be awarded against the plaintiff in such action." The condition of the undertaking as directed and prescribed by the Code of Civil Procedure is substantially the same as the condition of the bond directed and prescribed by the Revised Statutes and by the amendments thereto in 1875. There is no reason to assume that the legislature intended to make the undertaking pursuant to the Code of Civil Procedure less comprehensive than the bond pursuant to the Revised Statutes as defined in the amendment and construed by the courts.

The question as to whether security can be required to pay costs theretofore accrued or entered in a judgment as well as those that may thereafter accrue was directly considered by this court in *Gedney* v. *Purdy* (47 N. Y. 676). In that action a plaintiff administrator was directed to file security for

costs pursuant to section 317 of the Code of Procedure. Section 317 of the Code of Procedure corresponds with section 3271 of the Code of Civil Procedure, and the authority of the court in such case is the same as the authority of the court in any case directing security for costs. Judgment had been rendered in that action dismissing the complaint, with costs, and an undertaking in the penal sum of $1,000 was ordered conditioned to pay all costs already incurred or that might thereafter be incurred, and it was further ordered that until the security be given all proceedings of the plaintiff be stayed. The court, in an opinion filed but not fully reported, say: "The statute conferring upon the court a discretion to compel the plaintiff to give security for costs at any stage in the progress of the action and without limiting the discretion to costs thereafter to accrue or to costs which would be personally chargeable upon the party, it follows that the order may be general requiring security for all the costs of the action. This will include the costs which may have been adjusted and included in a judgment as well as the other costs in the action."

Apart from the authority of that case the protection to be given a resident defendant against costs in an action by a non-resident requires that the undertaking be conditioned to pay the costs accrued to the same extent as costs thereafter to accrue. An order requiring security for the payment of costs may be enforced as provided by said section 3277 and it may also be enforced by staying proceedings until compliance with the order. We agree with the opinion in *Bender* v. *Paulus* (109 App. Div. 148) and with the statement of the court in that case wherein it refers to expressions in the opinion in *Dunk* v. *Dunk* (*supra*), and say: "These expressions, however, were not necessary to the decision of the appeal, which proceeded solely on the ground that the additional security for costs provided for by section 3276 of the Code of Civil Procedure can be required only when the original security was given in pursuance of an order and could not be exacted where the first undertaking was given volun-

tarily without any order requiring it. The mere fact that the effect of an order for additional security is practically the same as would be that of an order compelling the plaintiff to secure payment of the judgment is not a sufficient reason for refusing to require additional security for costs to be given where the moving party brings himself within the terms of the Code provisions on the subject."

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the affirmative.

Cullen, Ch. J., Gray, Vann, Willard Bartlett and Hiscock, JJ., concur.

Ordered accordingly.